Nathylin Flowers Adesegun, 
 Respondent,
against
351 Properties, LLC, Appellant, Mazal Moving, Inc., Defendant. Nathylin Flowers Adesegun, Respondent, 351 Properties, LLC, Defendant, and Mazal Moving, Inc., Appellant. 




Appellate Term Docket No.
2018-1702 K C
Lower Court # 1817/15
Law Offices of Scott D. Gross (Scott D. Gross of counsel), for appellant, 351 Properties, LLC.
Nathylin Flowers Adesegun, respondent pro se (no brief filed).
Lester, Schwab, Katz & Dwyer, LLP (Daniel S. Kotler of counsel), for defendant & appellant, Mazal Moving, Inc.

Appeal by defendant 351 Properties, LLC (appeal No. 2018-646 K C) and separate appeal by defendant Mazal Moving, Inc. (appeal No. 2018-1702 K C) from a judgment of the Civil Court of the City of New York, Kings County (Cenceria P. Edwards, J.), entered January 5, 2018. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $15,000 jointly against defendants 351 Properties, LLC and Mazal Moving, Inc.




ORDERED that, on the court's own motion, the appeals are consolidated for purposes of [*2]disposition; and it is further,
ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a judgment dismissing the complaint.
In this action, plaintiff seeks to recover the principal sum of $25,000 on a cause of action for property damage and $25,000 on a cause of action for failure to return property. Defendants deny liability.
The evidence at a nonjury trial established that, in December 2012, in connection with plaintiff's eviction from an apartment, plaintiff's former landlord, defendant 351 Properties, LLC (Properties), hired defendant Mazal Moving, Inc. (Mazal) to move and store plaintiff's possessions. Mazal packed plaintiff's possessions over the course of three days. The possessions were held in storage until March 2013, when plaintiff was restored to possession and hired movers to return her property to the apartment. At that time, plaintiff testified, she learned that Mazal had improperly packed her property and had failed to use bubble wrap to protect glass and crystal items, and that, as a result, many of her possessions had been damaged or destroyed. Except for a framed "Declaration of Independence from August 28, 1963," plaintiff failed to identify with any specificity the items that had allegedly been damaged or destroyed, or to prove or even ascribe a monetary value to any of her property. Following the trial, the Civil Court awarded the principal sum of $15,000 jointly against both defendants. Each defendant separately appeals.
Plaintiff apparently premised her causes of action against Properties on the fact that Properties had hired Mazal to move and store plaintiff's property. The evidence indicated, however, that Mazal was an independent contractor. In general, a party that retains an independent contractor is not responsible for the independent contractor's actions (see A.M. Med. Servs., P.C. v Progressive Cas. Ins. Co., 101 AD3d 53, 62 [2012]; see also Shusterich v Kleinman, 171 AD3d 1236 [2019]), and plaintiff failed to establish that Properties had been negligent in hiring Mazal or to demonstrate any other basis for imputing liability to Properties for Mazal's actions (see generally Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 258-259 [2008]). In any event, plaintiff failed to establish the amount of damages she had allegedly sustained, as she did not demonstrate the condition or value of her property prior to her eviction and after it had been returned to her. Thus, the Civil Court erred in granting a judgment against Properties.
Plaintiff, as the owner of the property allegedly damaged, bore the burden of establishing the damage to her property. By reason of plaintiff's failure to specify the items that Mazal allegedly damaged or to provide any information about their monetary value, plaintiff failed to make out a prima facie case against Mazal.
We reach no other issue.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment dismissing the complaint.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 28, 2020